**26-3090**

**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

---

**VANESSA TUCKER**, et al.,

*Plaintiffs and Appellants,*

*v.*

**HARCROS CHEMICALS, INC.**,

*Defendant and Appellee.*

---

On Appeal from a Judgment of the United States District Court
for the District of Kansas, No. 2:25-cv-2569
Hon. Kathryn H. Vratil, District Judge

---

# Defendant/Appellee Harcros Chemicals Inc.'s Opposition to Motion to Certify Questions of State Law to the Kansas Supreme Court

---

**STINSON LLP**
Megan McCurdy
megan.mccurdy@stinson.com
1201 Walnut, Suite 2900
Kansas City, Missouri 64106
Telephone: (816) 691-2445
Facsimile: (816) 412-1102

**STINSON LLP**
Jan T. Chilton
jan.chilton@stinson.com
595 Market Street, Suite 2600
San Francisco, California 94105
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

**ORAL ARGUMENT IS REQUESTED**

Attorneys for Defendant and Appellee Harcros Chemicals, Inc.

## A. Introduction

For several reasons, the Court should deny plaintiff/appellant Vanessa Tucker's request to certify issues to the Kansas Supreme Court.

First, Tucker could have filed in Kansas state court if she wanted to convince Kansas courts to join the "emerging trend" of jurisdictions recognizing medical monitoring cases. Instead, she sought to use the federal courts as a shortcut. The Court should be cautious about allowing the use of federal diversity jurisdiction and Kansas' certification procedure as a vehicle to bring an untested legal theory before the Kansas Supreme Court in an effort to expand the state's tort law beyond its current boundaries.

Second, certification is unnecessary. The main issue Tucker seeks to certify is not determinative if this Court finds either that Tucker lacks Article III standing or that her claim is time-barred.

Third, as the district court explained, certification is improper because Kansas law is not unsettled or unclear, it is simply contrary to Tucker's position. Kansas has long adhered to the "no injury, no tort" rule. The same year as Tucker's last alleged exposure, the Kansas Legislature strongly re-emphasized that rule in the Silica and Asbestos Claims Act. The Act defines such claims to include suits for medical monitoring costs, and it provides that no such claim may be brought absent "physical impairment as a result of a medical condition."

Under Kansas law, the "Kansas supreme court may answer questions of law certified to it by … a court of appeals of the United States … if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state." Kan. Stat. Ann. § 60-3201. This Court, in turn, will certify when the issue "may be determinative of the case at hand" and is so "novel that [it] feel[s] uncomfortable attempting to decide it without further guidance." *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007). Constrained by these standards, Tucker's request should fail.

**B. The Court Should Not Allow Tucker a Fast Pass to Kansas Supreme Court Review**

As an initial matter, the Court should not countenance, let alone aid, Tucker's transparent effort to jump the line to leverage federal courts' diversity jurisdiction and the Kansas Supreme Court's authority to accept certified questions to secure priority access to that court's review.

Before they filed this action, Tucker's attorneys knew that there was no Kansas state court or legislative enactment allowing a suit for medical monitoring absent a manifested bodily injury. Tucker's complaint alleges that her claim "is brought under the emerging legal standard articulated by many states" with an appended footnote citing decisions from seven states as well as one state statute.

I App. 58 ¶ 175 & n. 50. Notably missing from that list is any Kansas decision or statute.

Yet Tucker's attorneys chose to raise a novel issue of state law in federal court. They did so despite the well-recognized fact that "[f]ederal courts sitting in diversity must 'proceed with caution' when making pronouncements about state law, and are in a 'particularly poor position' to endorse a 'policy innovation' in a state's law absent an 'authoritative signal from the legislature or the courts' of that state. *Jensen v. United States Tennis Ass'n*, No. 23-15757, 2025 WL 707447, at *2 (9th Cir. Mar. 5, 2025) (citations omitted).[1] Federal courts' unwillingness to speculate on any trends in state law "applies with special force to a plaintiff in a diversity case who has chosen to litigate his state law claim in federal court." *Shaw v. Republic Drill Corp.,* 810 F.2d 149, 150 (7th Cir. 1987); *Afram Export Corp. v. Metallurgiki Halyps, S.A.,* 772 F.2d 1358, 1370 (7th Cir. 1985).

Tucker's attorneys quickly revealed their reason for choosing a seemingly unfavorable forum. They saw federal court as a means for quicker access to the

[1] *See also Jeanty v. Big Bubba's Bail Bonds*, 72 F.4th 116, 120 (5th Cir. 2023); *Carhartt, Inc. v. Innovative Textiles, Inc.*, 998 F.3d 739, 745 (6th Cir. 2021); *Salinero v. Johnson & Johnson*, 995 F.3d 959, 969 (11th Cir. 2021); *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 578 (6th Cir. 2004); *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1092 (7th Cir. 1999); *Affiliated FM Ins. Co. v. Trane Co.*, 831 F.2d 153, 155 (7th Cir. 1987); *Dayton v. Peck, Stow & Wilcox Co.*, 739 F.2d 690, 694 (1st Cir. 1984); *Rhynes v. Branick Mfg. Corp.*, 629 F.2d 409, 410 (5th Cir. Unit A 1980).

Kansas Supreme Court than taking the normal course of litigating their way through Kansas' court system. That strategy is clearly shown in Tucker's oppositions to defendants' motions to dismiss, which principally urged certification to the Kansas Supreme Court rather than arguing about the merits of Tucker's claim or the statute of repose defense to it. I App. 262-276, II App. 286-300.

In this Court, Tucker's attorneys have followed the same strategy of seeking to hitch a quick ride to the Kansas Supreme Court. They have not asked *this* Court to decide the issue they say is determinative. "Does Kansas recognize medical monitoring as an available remedy absent manifestation of present bodily harm?" appears only in the list of issues Tucker seeks to have certified to the Kansas Supreme Court, not in the "Statement of the Issues" for this Court's review. *See* AOB, 3, 41.

Congress did not enact 28 U.S.C. § 1332 to permit litigants with state-law claims a shorter road to review in their own states' supreme courts. As this Court has repeatedly held, a plaintiff who has invoked federal jurisdiction by suing in federal district court "finds [her]self 'in a somewhat awkward position to now claim that the federal judge misunderstood' Kansas law." *Lawson v. Spirit AeroSystems, Inc*., 135 F.4th 1186, 1211 (10th Cir. 2025); *Colonial Park Country Club v. Joan of Arc*, 746 F.2d 1425, 1429 (10th Cir. 1984); *see also Cantwell v. Univ. of Massachusetts*, 551 F.2d 879, 880 (1st Cir. 1977). The "awkward" position is even

more untenable when the suit was brought in federal court only to pave a quicker path to the state supreme court.

Tucker filed this action in federal court. Federal courts can—and do—regularly answer challenging state law questions. There is no question that Kansas has never before recognized a claim like Tucker's, as the district court found. Setting aside waiver, this Court can review that issue. But it should not permit Tucker to use the certification process to seek to *make* new law.

### C. This Appeal can be Resolved on Other Grounds so the Issues for Certification are Not Determinative

When this Court can resolve an appeal on an alternative ground, an unsettled question of state law is not "determinative" of the case and so should not be certified. *See United States v. Jones*, 512 F. Supp. 2d 1193, 1195 (D. Kan. 2007); *Boyter v. Comm'r*, 668 F.2d 1382, 1386 (4th Cir. 1981).[2]

As shown in Harcros' Answer Brief, pp. 8-35, this appeal can and should be resolved either because Tucker lacks Article III standing or because her claim is barred by Kansas' statute of repose. If the Court affirms the district court's ruling on Article III standing, it cannot certify any question to the Kansas Supreme Court. *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 518 (5th Cir. 2015) ("If we lack jurisdiction, we can neither certify a controlling legal question to a state court nor

---

[2] Under K.S.A. 60-3201, the Kansas Supreme Court may answer only certified questions "***which may be determinative of the cause***." (Emphasis added.)

resolve the merits ourselves."); *see also Husky Ventures, Inc. v. B55 Investments, Ltd.*, 911 F.3d 1000, 1010 (10th Cir. 2018) (dismissing motion to certify as moot when the court lacks appellate jurisdiction).

If the Court affirms the dismissal on statute of repose grounds, there will be no reason to certify any question to the Kansas Supreme Court. Far from being "determinative," that court's answers to Tucker's proposed questions would be irrelevant. *See Lawson,* 135 F.4th at 1211 ("[C]ertification is only appropriate where the question is 'dispositive.'"). If Tucker's suit is time-barred, it makes no difference whether Kansas would otherwise allow her claim for medical monitoring in the absence of a manifested injury.

### D. Kansas Caselaw and Statutes Provide a Reasonably Clear and Principled Course to Resolution of the Medical Monitoring Issue Tucker Seeks to Have Certified

This Court applies "judgment and restraint before certifying" and limits certification to issues that are "sufficiently novel that we feel uncomfortable attempting to decide it without further guidance." *Pino,* 507 F.3d at 1236; *Cahn v. Word*, 798 Fed. Appx. 244, 253 (10th Cir. 2020). When the Court sees "a reasonably clear and principled course" from "sufficient sources of state law—statutes, judicial decisions, attorney general's opinions," it does not certify, but resolves state law issues on its own. *Sullivan v. Nationwide Affinity Ins. Co. of Am.*, 842 Fed. Appx. 251, 253 (10th Cir. 2021); *Pino*, 507 F.3d at 1236; 17A Wright & Miller, Fed. Prac.

& Proc. Juris. § 4248 & n. 49 (3d ed.).

In Kansas, as in many other states, "it is a fundamental princip[le] of [negligence] law that recovery may be had only where it is shown with reasonable certainty that damage was suffered" and was caused by the defendant's negligent act or omission. *Hoard v. Shawnee Mission Med. Ctr.*, 233 Kan. 267, 277, 662 P.2d 1214, 1221 (1983). "Recovery may not be had where the cause of the injury is too remote and speculative and where the alleged resulting damages are too conjectural and speculative to form a sound basis for measurement." *Id.*, (*citing Buck v. Miller Amusement Co.,* 166 Kan. 205, 209, 200 P.2d 286 (1948)); *see also Bridges v. Bentley by Bentley,* 244 Kan. 434, 441, 769 P.2d 635, 641 (1989) ("Recovery [on a negligence claim] may not be had where the alleged damages are too conjectural or speculative to form a basis for measurement.")

This is precisely the same bedrock principle of American tort law that has led many other states recently to reject claims for medical monitoring in the absence of manifested bodily injury. *See Hinton ex rel. Hinton v. Monsanto Co.,* 813 So. 2d 827, 829, 831-32 (Ala. 2001); *Smith v. Terumo BCT, Inc.*, 2025 COA 85, ¶ 33, 581 P.3d 1220, 1227 (Col. App. 2025); *Baker v. Croda Inc.*, 304 A.3d 191, 194, 196 (Del. 2023); *Berry v. City of Chicago*, 2020 IL 124999 ¶¶ 30, 31, 33, 181 N.E.3d 679, 687-88; *Henry v. Dow Chem. Co*., 473 Mich. 63, 76, 701 N.W.2d 684, 690 (2005); *Caronia v. Philip Morris USA, Inc*., 22 N.Y.3d 439, 446, 5 N.E.3d 11, 14

(2013); *Lowe v. Philip Morris USA, Inc.*, 344 Or. 403, 410, 183 P.3d 181, 187 (2008); *see also In re Bridgestone/Firestone, Inc.*,288 F.3d 1012, 1017 (7th Cir. 2002) ("No injury, no tort, is an ingredient of every state's law.").

Kansas' Silica and Asbestos Claims Act provides even more guidance, emphasizing the state's continued commitment to the "no injury, no tort" rule. The Act defines both "silica claim" and "asbestos claim" as including claims for the "costs of medical monitoring." K.S.A. § 60-4901(c), (hh). It then provides that "[p]hysical impairment of the exposed person shall be an essential element in any civil action alleging a silica or asbestos claim," and further states that neither a silica claim nor an asbestos claim (other than one based on mesothelioma) may be brought "based on a nonmalignant condition in the absence of a prima facie showing of physical impairment as a result of a medical condition." K.S.A. § 60-4902(a), (b), (d), (e)(1)(B). In other words, to recover costs of medical monitoring, the plaintiff must show either that he or she has mesothelioma or that he or she suffers from some other medical condition that causes a physical impairment of his or her body.

The Silica and Asbestos Claims Act was enacted in 2006. L. 2006, ch. 196. It stands as a recent reiteration of Kansas' commitment to the rule that there is no recovery in negligence or related torts without manifested physical injury. And it applies that rule to claims for the cost of medical monitoring.

Thus, together Kansas caselaw and statutes provide this Court clear guidance

and "a reasonably clear and principled course" to resolution of the primary issue that Tucker wishes to have certified. Both caselaw and statutes teach that Kansas law requires manifestation of physical harm to the body before allowing recovery in negligence—even for the cost of medical monitoring.

So there is no need to impose on the Kansas Supreme Court to answer that question.

**E. Conclusion**

For the reasons stated above, the Court should deny plaintiff/appellant's Vanessa's Tucker's motion to certify questions of law to the Kansas Supreme Court.

DATED: September 28, 2026

STINSON LLP

By: ______________________
JAN T. CHILTON

Attorneys for Defendant and Appellee
Harcros Chemicals Inc.

## CERTIFICATE OF COMPLIANCE

This opposition complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 2,155 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1) and 32(a) because it has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.

DATED: September 28, 2026

JAN T. CHILTON

**CERTIFICATE OF SERVICE**

I certify that on September 28, 2026, I electronically filed the foregoing Defendant/Appellee Harcros Chemicals Inc.'s Opposition to Motion to Certify Questions of State Law to the Kansas Supreme Court with the Clerk of Court using the CM/ECF system. All participants in this case are registered CM/ECF users and will be served through that system.

DATED: September 28, 2026

STINSON LLP

By: Jan T. Chilton
JAN T. CHILTON

Attorneys for Defendant and Appellee
Harcros Chemicals Inc.